# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:                                §
                                      §
KATHRYN STANLEY                       §    Case No. 09-43013
BRUCE STANLEY                         §
                                      §
                                      §
                Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                      $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/DAVID R. BROWN_____
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 09-43013 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | KATHRYN STANLEY | | | | Date Filed (f) or Converted (c): | 11/13/2009 (f) |
| | BRUCE STANLEY | | | | 341(a) Meeting Date: | 01/26/2010 |
| For Period Ending: | 03/04/2014 | | | | Claims Bar Date: | 11/01/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. personal injury claim (u) | 75,000.00 | 75,000.00 | | 75,000.00 | FA |
| 2. 4 bed, 2 bath, brick single family home, 2 car detached gara | 305,000.00 | 0.00 | | 0.00 | FA |
| 3. TCF Checking Account TCF Bank 800 Burr Ridge Pkwy Burr Ridge | 200.00 | 0.00 | | 0.00 | FA |
| 4. Harris Checking account Harris Bank P.O. Box 94033 Palatine, | 50.00 | 0.00 | | 0.00 | FA |
| 5. Community Bank checking account Community Bank 100 North Whe | 250.00 | 0.00 | | 0.00 | FA |
| 6. Stove, Refrigerator, Freezer, Washer/Dryer, Outdoor patio se | 5,000.00 | 0.00 | | 0.00 | FA |
| 7. 30-50 Harbor Lgts light houses, 15-20 Castle figurines, 108 | 3,000.00 | 0.00 | | 0.00 | FA |
| 8. General day-to-day clothing 1008 Dartmouth Drive Wheaton, IL | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. wedding ring, misellaneous costume jewelery Debtor's residen | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. Digital camera | 1,000.00 | 0.00 | | 0.00 | FA |
| 11. 2003 Saturn L300 Debtor's residence | 4,800.00 | 0.00 | | 0.00 | FA |
| 12. 1996 Chevy conversion van Debtor's residence | 500.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)       $396,800.00       $75,000.00       $75,000.00       $0.00

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Claims to be reviewed after claims bar date has run and objections filed thereto if necessary. Final Report will then be filed.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 09-43013 | Trustee Name: | DAVID R. BROWN |
| Case Name: | KATHRYN STANLEY | Bank Name: | Congressional Bank |
| | BRUCE STANLEY | Account Number/CD#: | XXXXXX0197 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX0112 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 03/04/2014 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/04/13 | 1 | WEST BEND<br>1900 South 18th Avenue<br>West Bend, WI 53095 | PI Settlement payment | 1242-000 | $75,000.00 | | $75,000.00 |
| 04/22/13 | | Congressional Bank<br>6500 Rock Spring Drive  Suite 300<br>Bethesda, MD 20817 | service charge | 2600-000 | | $69.35 | $74,930.65 |
| 05/09/13 | | Congressional Bank<br>6500 Rock Spring Drive  Suite 300<br>Bethesda, MD 20817 | | 2600-000 | | $77.03 | $74,853.62 |
| 05/22/13 | | Transfer to Acct # xxxxxx7335 | Transfer of Funds | 9999-000 | | $74,853.62 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $75,000.00 | $75,000.00 |
| Less: Bank Transfers/CD's | $0.00 | $74,853.62 |
| Subtotal | $75,000.00 | $146.38 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $75,000.00 | $146.38 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*       Page Subtotals:       $75,000.00       $75,000.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 09-43013
Case Name: KATHRYN STANLEY
BRUCE STANLEY
Taxpayer ID No: XX-XXX0112
For Period Ending: 03/04/2014

Trustee Name: DAVID R. BROWN
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX7335
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/22/13 | | Transfer from Acct # xxxxxx0197 | Transfer of Funds | 9999-000 | $74,853.62 | | $74,853.62 |
| 06/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.30 | $74,821.32 |
| 07/01/13 | 3001 | United States Fire INsurance Company c/o Crum & Forster Attn: John Petrillo 305 Madison Avenue P.O. Box 1973 Morristown, MJ 07962 | Worker's compensation lien reimbursement Claim No. MLC00356456 | 4220-000 | | $25,000.00 | $49,821.32 |
| 07/01/13 | 3002 | Law Offices of Kupets & DeCaro, P.C. Attn: David R. McGinley 77 W. Washington St 20th Floor Chicago, IL 60602 | attorney fees and expenses | 3210-600 | | $25,000.00 | $24,821.32 |
| 07/01/13 | 3003 | Law Offices of Kupets & DeCaro, P.C. Attn: David R. McGinley 77 West Washington St 20th Floor Chicago, IL 60602 | attorney expenses | 3220-610 | | $14,563.69 | $10,257.63 |
| 07/08/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $107.63 | $10,150.00 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.70 | $10,115.30 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.04 | $10,100.26 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.53 | $10,085.73 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.99 | $10,070.74 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*　　　　　　　　　　　Page Subtotals:　　　　$74,853.62　　$64,782.88

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 09-43013 | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|
| Case Name: | KATHRYN STANLEY | Bank Name: | The Bank of New York Mellon |
|  | BRUCE STANLEY | Account Number/CD#: | XXXXXX7335 |
|  |  |  | Checking |
| Taxpayer ID No: | XX-XXX0112 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 03/04/2014 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.49 | $10,056.25 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.95 | $10,041.30 |
| 02/04/14 | 3004 | INTERNATIONAL SURETIES, LTD. Suite 420 701 Poydras St New Orleans, LA 70139 | bond premium | 2300-000 | | $10.00 | $10,031.30 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.93 | $10,016.37 |

|  |  |  |
|---:|---:|---:|
| COLUMN TOTALS | $74,853.62 | $64,837.25 |
| Less: Bank Transfers/CD's | $74,853.62 | $0.00 |
| Subtotal | $0.00 | $64,837.25 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $64,837.25 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*                              Page Subtotals:                              $0.00          $54.37

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0197 - Checking | $75,000.00 | $146.38 | $0.00 |
| XXXXXX7335 - Checking | $0.00 | $64,837.25 | $10,016.37 |
|  | $75,000.00 | $64,983.63 | $10,016.37 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $75,000.00 |
| Total Gross Receipts: | $75,000.00 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-43013
Case Name: KATHRYN STANLEY
　　　　　　　BRUCE STANLEY
Trustee Name: DAVID R. BROWN

　　　　　Balance on hand　　　　　　　　　　　　　　　　　　$

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ | $ | $ |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ | $ | $ |

　　Total to be paid for chapter 7 administrative expenses　　$_____
　　Remaining Balance　　　　　　　　　　　　　　　　　　$_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $　　　must be paid in advance of any dividend to general (unsecured) creditors.

　　Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ | $ | $ |

Total to be paid to timely general unsecured creditors           $_____

Remaining Balance                                                $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE